UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

RYAN ALLISON, an individual,

    Plaintiff,

v.

APPLE INC., a California Corporation, and
SECURITY INDUSTRY SPECIALISTS INC., a
California Corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, RYAN ALLISON ("Plaintiff"), hereby sues Defendant, APPLE INC., a California Corporation ("Apple"), and Defendant, Security Industry Specialists, Inc., a California Corporation ("SIS" and collectively with Apple, "Defendants"). In support, Plaintiff alleges as follows:

## PARTIES

1.  Plaintiff is a citizen of Florida.

2.  Apple is a citizen of California.

3.  SIS is a citizen of California.

4.  SIS is liable to Plaintiff for all tortious conduct complained of herein, because such occurred when SIS either employed the Security Guards (defined below) who committed, or participated in the commission of said torts, and/or the Security Guards were acting as agents or servants of SIS.

5.  To the extent the Security Guards were employed by SIS, they were acting within the course and scope of their employment with SIS.

1

6. All tortious conduct complained of herein was committed within the Security Guards' scope of their agency relationship with SIS, and Apple, and while furthering the business interests of SIS, and Apple.

7. As the principal for the Security Guards, SIS is responsible for all of the tortious conduct committed by the Security Guards as set forth herein.

8. Apple is liable to Plaintiff for all tortious conduct complained of herein committed by SIS, or its employees, agents, or servants, because they occurred when Apple either employed the Security Guards who committed, or participated in the commission of said torts, and/or the Security Guards were acting as agents or servants of Apple.

9. To the extent the Security Guards were employed by Apple, they were acting within the course and scope of their employment with Apple.

10. All tortious conduct complained of herein was committed within the Security Guards' scope of their agency relationship with Apple and while furthering the business interests of Apple.

11. As the principal for SIS, and the Security Guards, Apple is responsible for all of the tortious conduct committed by SIS and/or the Security Guards as set forth herein.

12. Apple's duty to provide a reasonably safe premises for Plaintiff was non-delegable.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §1332(a)(1), because the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and because there is diversity, as Plaintiff is a citizen of a different state than both of Defendants.

14. Venue in this Court is appropriate, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the action occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

15. SIS is a company that provides security services to an Apple Store possessed and operated by Apple, which such store is located in Town Center at Boca Raton, Florida (the "Mall").

16. This lawsuit involves Defendants' assault and battery of Plaintiff for one reason, and one reason only – because he is African American.

17. On December 17, 2018, Plaintiff, who is African-American, went to the Mall to purchase a pair of Apple Airpods ("Airpods") for his girlfriend.

18. Plaintiff entered the Apple Store located in the Mall wearing his own Airpods that he previously purchased for himself.

19. When Plaintiff entered the Apple Store, he proceeded to the "Airpods Section," and picked out a pair of Airpods to purchase for his girlfriend.

20. Plaintiff then went to a counter located in the center of the Apple Store where different styles of Apple Watch bands were being sold.

21. Plaintiff spoke with an Apple Store employee regarding potentially purchasing an Apple Watch band, which such employee ended up being the individual that Plaintiff purchased the Airpods in question from.

22. Plaintiff decided not to purchase an Apple Watch band, and he decided only to purchase the Airpods for his girlfriend from this Apple employee.

23. After purchasing the Airpods, Plaintiff proceeded to the checkout register and paid for the Airpods through Apple Pay on his phone.

24. Plaintiff then left the Apple Store with the Airpods he purchased for his girlfriend.

25. What Plaintiff did not know, but was about to find out, was that he was being racially targeted by two (2) individuals who provided security for the Apple Store (the "Security Guards"), simply because he was African-American.

26. Moments after leaving the Apple Store, Plaintiff was violently thrown up against a wall in the Mall by the Security Guards, put in handcuffs, and told that he had stolen the Airpods he had just paid for.

27. Plaintiff advised the Security Guards that they were mistaken, and that they could look at his phone, which contained proof of his purchase of the Airpods.

28. The Security Guards refused to abide by Plaintiff's reasonable request, and instead lied to him, and told him that they asked the Apple Store employee that Plaintiff purchased the Airpods from if Plaintiff had purchased them, and the employee replied that Plaintiff had stolen them.

29. Plaintiff was then dragged, in handcuffs, from the Mall back into the Apple Store by the Security Guards.

30. Plaintiff then proceeded to identify the Apple Store employee from whom he purchased the Airpods.

31. When asked if Plaintiff purchased the Airpods from this employee, the employee responded in the affirmative.

32. However, remarkably, this was not sufficient for the Security Guards.

33. Plaintiff was forced into the back of the store to be interrogated.

34. Plaintiff was asked his name, to see his driver's license, what his telephone number was, and to see proof of purchase for the Airpods, which he previously offered to provide.

35. Plaintiff obliged.

36. During this entire time, Plaintiff remained in handcuffs, held against his will.

37. One of the Security Guards then apparently called his boss, and advised him of the situation.

38. One of the Security Guards told Plaintiff he was "free to go," but this was a lie.

39. Plaintiff was then dragged back through the entire Apple Store, causing him to suffer even more embarrassment and emotional distress, before finally being freed.

40. All conditions precedent to the filing of this lawsuit have occurred or been waived.

## COUNT I
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – AGAINST DEFENDANTS)

41. Plaintiff repeats and realleges each of the foregoing allegations in paragraphs 1 – 40 as if more fully set forth at length herein.

42. Defendants, by and through the Security Guards, acted recklessly or intentionally.

43. The conduct complained of herein was outrageous, and went beyond all bounds of decency, and is regarded as odious and utterly intolerable in a civilized community.

44. The conduct caused Plaintiff severe emotional distress.

45. As a direct and proximate consequence of said intentional infliction of emotional distress, Plaintiff suffered, and continues to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including punitive damages, in an amount to be determined, and for such further relief as the Court deems just and proper.

## COUNT II
### (CIVIL BATTERY – AGAINST DEFENDANTS)

46. Plaintiff repeats and realleges each of the foregoing allegations in paragraphs 1 – 40 as if more fully set forth at length herein.

47. The Security Guards intentionally touched Plaintiff multiple times.

48. Plaintiff found the touching to be highly offensive.

49. As a result of the multiple batteries by the Security Guards, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including punitive damages, in an amount to be determined, and for such further relief as the Court deems just and proper.

## COUNT III
### (CIVIL ASSAULT – AGAINST DEFENDANTS)

50. Plaintiff repeats and realleges each of the foregoing allegations in paragraphs 1 – 40 as if more fully set forth at length herein.

51. The Security Guards intentionally sought to touch Plaintiff's body without his consent on numerous occasions.

52. The Security Guards' attempts to touch Plaintiff created in Plaintiff a well-founded fear of imminent and offensive physical contact because of their present ability to effectuate the attempts if they were not prevented from doing so.

53. Plaintiff found the touching or attempted touching of his body to be highly offensive, and the Security Guards' continued attempts to touch Plaintiff placed him in reasonable fear of imminent peril.

54. As a result of numerous assaults by the Security Guards, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including punitive damages, in an amount to be determined, and for such further relief as the Court deems just and proper.

## COUNT IV
### (FALSE IMPRISONMENT – AGAINST DEFENDANTS)

55. Plaintiff repeats and realleges each of the foregoing allegations in paragraphs 1 – 40 as if more fully set forth at length herein.

56. The Security Guards unlawfully detained Plaintiff, and deprived him of his liberty, against his will, without legal or color authority.

57. The Security Guards unlawful detention of Plaintiff, and the deprivation of his liberty, was unreasonable and unwarranted under the circumstances.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including punitive damages, in an amount to be determined, and for such further relief as the Court deems just and proper.

## COUNT V
### (NEGLIGENCE -AGAINST DEFENDANTS)

58. Plaintiff repeats and realleges each of the foregoing allegations in paragraphs 1 – 40 as if more fully set forth at length herein.

59. Defendants owed Plaintiff a duty of care to make the Apple Store safe for Plaintiff's entry, and use.

60. Defendants breached their collective duty of care when, *inter alia*, Plaintiff was assaulted, battered, and falsely imprisoned by the Security Guards.

61. As a result of Defendants' breach of the collective duty of care owed to Plaintiff, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including punitive damages, in an amount to be determined, and for such further relief as the Court deems just and proper.

## COUNT VI
### (NEGLIGENT HIRING AND SUPERVISION –AGAINST SIS)

62. Plaintiff repeats and realleges each of the foregoing allegations in paragraphs 1 – 40 as if more fully set forth at length herein.

63. Prior to retaining the Security Guards, SIS was required to make an appropriate investigation of the Security Guards and, upon information and belief, failed to do so.

64. Upon information and belief, an appropriate investigation of the Security Guards would have revealed their unsuitability for the particular duties they would be performing or for retention in general; *to wit*, providing security for a retail store.

65. Upon information and belief, it was unreasonable for SIS to retain the Security Guards in light of the information it knew, or should have known.

WHEREFORE, Plaintiff demands judgment against SIS, for damages, including punitive damages, in an amount to be determined, and for such further relief as the Court deems just and proper.

## COUNT VII
### (NEGLIGENT HIRING AND SUPERVISION –AGAINST APPLE)

66. Plaintiff repeats and realleges each of the foregoing allegations in paragraphs 1 – 40 as if more fully set forth at length herein.

67. Prior to retaining SIS, Apple was required to make an appropriate investigation of SIS, and the Security Guards and, upon information and belief, failed to do so.

68. Upon information and belief, an appropriate investigation of SIS, and the Security Guards, would have revealed their unsuitability for the particular duties they would be performing or for retention in general; *to wit*, providing security for a retail store.

69. Upon information and belief, it was unreasonable for Apple to retain SIS, and the Security Guards, in light of the information it knew, or should have known.

WHEREFORE, Plaintiff demands judgment against Apple, for damages, including punitive damages, in an amount to be determined, and for such further relief as the Court deems just and proper.

## PLAINTIFF'S REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial.

Dated: August 28, 2020.

>LUBLINER LAW, PLLC
>1645 Palm Beach Lakes Blvd., Suite 1200
>West Palm Beach, Florida 33401
>Telephone: (561) 207-2018
>Facsimile: (561) 207-2001
>Primary Email: rich@lubliner-law.com
>Alternate Email: carolina@lubliner-law.com
>
>BY:   /s/ Richard S. Lubliner
>       RICHARD S. LUBLINER, ESQ.
>       FBN: 0047741